**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMES LEE BROWN and ROSELEEN BROWN                    PLAINTIFFS

v.                              No. 4:09CV00781 JLH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                      DEFENDANT

## OPINION AND ORDER

This is an underinsured motorist claim.  James Lee Brown and Roseleen Brown were insured by a policy of insurance issued by State Farm Mutual Automobile Insurance Company when James Brown was in an automobile accident in 2004 with Janice Marie Lee.  According to the complaint, Lee and Brown were traveling in the same direction when Lee swerved into Brown's lane and caused an accident that resulted in extensive injuries.  The Browns brought an action against Lee and others in the Circuit Court of Pulaski County, Arkansas, and during the course of that action named State Farm as a defendant.  In that action, the Browns alleged that Lee's policy limits were inadequate to cover their damages, and they sought recovery under the underinsured motorist coverage provided in the State Farm policy. While that case was pending, Lee's liability insurer offered the policy limits of $50,000 to settle the case.   The Browns gave notice of the tentative settlement to State Farm. State Farm elected to pay $50,000, plus $10,000 as an advance on the underinsured claim against it, in order to protect its subrogation rights.  Thereafter, the Browns voluntarily dismissed the action in the Circuit Court of Pulaski County and commenced this action.  State Farm has moved to dismiss for failure to state a claim upon which relief can be granted and for other reasons.  The Court has concluded that this action is premature and therefore will grant the motion to dismiss.

**I.**

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). Stated differently, the complaint must include factual information sufficient to "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

The Browns have attached to their complaint copies of correspondence between counsel relating to the tentative settlement with Lee and the subsequent decision by State Farm to make payment in order to preserve its subrogation rights. The Court will consider those documents in ruling on the motion to dismiss because they are a part of the complaint. *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005); FED. R. CIV. P. 10(c). State Farm has attached to its motion to dismiss pleadings, motions, and orders from the proceeding in the Circuit Court of Pulaski County,

as well as additional correspondence between counsel and a hearing transcript. In the Eighth Circuit, a Rule 12(b)(6) motion is not automatically converted into a motion for summary judgment because the party submits additional matters in support of or in opposition to the motion. Documents that are part of the public record, such as court records, can be considered when deciding a Rule 12(b)(6) motion, and the fact that those public records are considered does not convert the motion into a motion for summary judgment. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). In ruling on this motion, the Court has considered the documents from the court records of the Circuit Court of Pulaski County other than the hearing transcript. The Court has not considered the correspondence between counsel other than the correspondence attached as exhibits to the complaint.

## II.

Arkansas law provides that insurance companies offering passenger automobile liability insurance must give the insured the opportunity to purchase underinsured motorist coverage. ARK. CODE ANN. § 23-89-209. The relevant portion of the statute provides:

> (c) If a tentative agreement to settle for the liability limits of the owner or operator of the other vehicle has been reached between the insured and the owner or operator, written notice may be given by the insured injured party to his or her underinsured motorist coverage insurer by certified mail, return receipt requested. The written notice shall include:
>
>   (1) Written documentation of pecuniary losses incurred, including copies of all medical bills;
>
>   (2) Written authorization or a court order authorizing the underinsured motorist insurer to obtain medical reports from all employers and medical providers; and
>
>   (3) Written confirmation from the tortfeasor's liability insurer as to the amount of the alleged tortfeasor's liability limits and the terms of the tentative settlement, which shall in no event include any component sum representing punitive or exemplary damages. However, that in no event shall evidence of the referenced liability limits,

3

the fact that a tentative settlement was reached, or the terms of the tentative settlement be admissible in any civil action with the sole exceptions of:

(A) Actions by underinsured motorist insurers to enforce subrogation rights as contemplated by this subchapter;

(B) Actions by first party liability insureds against their insurer to enforce their contract or a settlement hereunder, if any; and

(C) Actions by first party underinsured motorist insureds against their insurer to enforce their contract or a settlement hereunder.

(d)(1) Within thirty (30) days of receipt of the written notice, the underinsured motorist insurer may make payment to its insured of an amount equal to the tentative settlement amount agreed to by the owner or operator of the other motor vehicle or his or her liability insurer.

(2) In such event, the underinsured motorist insurer shall be entitled to subrogate to its insured's right of recovery against the owner or operator of the other motor vehicle to the extent of such payments and to the extent of any underinsured motorist insurance benefit it pays to its insured.

(3) If the underinsured motorist insurer fails to pay its insured the amount of the tentative tort settlement within thirty (30) days, the underinsured motorist insurer has no right to the proceeds of any settlement or judgment between its insured and the other owner or operator and/or the owner's or operator's liability insurer, no right to otherwise recoup the amount of the underinsured motorist benefit it may pay from such other owner or operator or his or her insurer, and no right to refuse payment of its underinsured motorist coverage benefit by reason of the settlement made by its insured.

ARK. CODE ANN. § 23-89-209(c)-(d).  The statute provides a mechanism whereby an injured party

who wishes to preserve a claim for underinsured motorist benefits can reach a tentative settlement

with a tortfeasor whose coverage limits are inadequate to pay the full amount of damages, while also

allowing the insurance company providing the underinsured motorist coverage to preserve its rights

to subrogation.  That procedure was followed here.  As noted above, the Browns reached a tentative

settlement with Lee's insurance carrier for payment of the policy limits of $50,000.  Counsel for the

4

Browns notified State Farm.  State Farm elected to pay that sum pursuant to the statute to preserve

its right to pursue subrogation against Lee.

The issue here is whether the Browns now have the right to make a claim against State Farm

for the balance of the underinsured motorist coverage.[1]  The relevant portion of the policy provides:

> We will pay damages for the **bodily injury** an **insured** is legally entitled to collect
> from the owner or driver of an **underinsured motor vehicle**.  The **bodily injury**
> must be caused by an accident arising out of the operation, maintenance or use of an
> **underinsured motor vehicle**.
>
> THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL
> BODILY INJURY LIABILITY INSURANCE POLICIES OR BONDS THAT
> APPLY TO THE **INSURED'S BODILY INJURY** HAVE BEEN USED UP BY
> PAYMENT OF JUDGMENTS OR SETTLEMENTS.
>
> **Underinsured Motor Vehicle** - means a land motor vehicle:
>
>   1. the ownership, maintenance or use of which is insured or bonded for bodily
> injury liability at the time of the accident; but
>
>   2. the limits of liability for bodily injury liability are less than the amount needed
> to compensate the **insured** for damages.[2]

State Farm argues that this action is premature because the limits of Lee's insurance policy

has not been used up by payment of judgments or settlements.[3]  The Browns argue that the limits of

Lee's insurance policy has been used up by virtue of the $50,000 that State Farm paid after being

notified of the tentative settlement between the Browns and Lee's insurance carrier.

---

[1] The State Farm policy provides for underinsured motorist coverage with limits of
$100,000.  As noted above, $10,000 has been paid.

[2] The portions in bold or in all capitol letters are in bold or in all capitol letters in the
policy.

[3] State Farm's answers to the complaint and amended complaints in the Circuit Court of
Pulaski County asserted that the Browns' claims for underinsured motorist coverage were
premature.

An action against an insurance company for underinsured motorist benefits is an action for breach of contract, not a tort action. *Shelter Mutual Ins. Co. v. Nash*, 357 Ark. 581, 587-89, 184 S.W.3d 425, 428-29 (2004). A cause of action for breach of contract accrues when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached. *Id*. at 587-88, 184 S.W.3d at 428. Arkansas law provides that a tortfeasor's liability insurance coverage limits must be paid in full before the insured is entitled to underinsured motorist benefits. *State Automobile Ins. Co. v. Lawrence*, 358 F.3d 982, 985 (8th Cir. 2004); *Birchfield v. Nationwide Ins.*, 317 Ark. 38, 41, 875 S.W.2d 502, 504 (1994). "Before payment by the UIM carrier is required, both the amount of bodily-injury damages incurred by the insured and the amount of liability-insurance benefits recovered by the insured from the tortfeasor must be known." *Lawrence*, 358 F.3d at 986; *Lindsey v. Southern Farm Bureau*, 596 F. Supp. 2d 1245, 1249 (W.D. Ark. 2009).

As noted above, the policy at issue provides that there is no coverage until the limits of the tortfeasor's liability policy "have been used up by payment of judgments or settlements." This language is unambiguous. As applied to this case, State Farm's policy does not provide underinsured motorist coverage until Lee's insurer has paid the policy limits in judgments or settlements. To date, Lee's insurer has not paid any judgments or settlements. *Cf. State Farm Mut. Auto. Ins. Co. v. Thomas*, 316 Ark. 345, 348, 871 S.W.2d 571, 573 (1994) (all liability benefits must be "used up by payment of judgment or settlements" before the obligation to pay underinsured motorist benefits accrues); *Birchfield*, 317 Ark. at 40, 875 S.W.2d at 503 (holding that "exhausted by payments" means that all other available liability insurance must be paid in full before the obligation to pay underinsured motorist benefits accrues). State Farm's decision to pay the $50,000 pursuant to the statute preserved its right to subrogation; it did not constitute payment of a settlement

by Lee's liability insurance carrier.  Lee's insurer was willing to pay the policy limits, but it has not

actually paid them, so the policy has not "been used up by payment of judgments or settlements."

At this point in time, the conditions precedent to the Browns' right to recover underinsured

motorist benefits have not been satisfied.  Lee's policy limits have not been exhausted by payment

of judgments or settlements, and the amount of bodily injury damages incurred by Brown have not

been determined.  Consequently, the obligation of State Farm to pay underinsured motorist benefits

has not yet come into existence.  State Farm has not indicated by words or conduct that the

agreement is being repudiated or breached.  State Farm cannot yet be in breach of its contract

because it does not yet have an obligation to pay underinsured motorist benefits and it has not

repudiated the agreement.  Therefore, the Browns' complaint fails to state a claim upon which relief

can be granted and must be dismissed.

## CONCLUSION

State Farm's motion to dismiss is granted.  Document #7.  The Browns' motion to strike the

motion to dismiss is denied.  Document #17.  For the reasons stated above, this action is dismissed

without prejudice.

IT IS SO ORDERED this 28th day of January, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE